REQUESTED BY: Cynthia Milligan, Director Department of Banking and Finance.
Would a "doing business as" designation in which the word "bank" is not used, satisfy the prohibition of Neb.Rev.Stat. § 8-113, even though the word "bank" would still be in the name of a non-bank corporation?
Probably not.
In the letter requesting an opinion, the following facts are set forth. A non-bank corporation has as a part of its corporate name, the word "bank". It has applied for a license to lend money in Nebraska pursuant to Nebraska statutes. The corporation otherwise qualifies for a license except that the word "bank" is in its corporate name. It has asked to be licensed upon the condition that it would do business in Nebraska under a name that does not contain the word "bank". You have asked whether that would be permitted by Neb.Rev.Stat. § 8-113 (Reissue 1987).
 Neb.Rev.Stat. § 8-113 (Reissue 1987) provides in relevant No . . . corporation . . . in the State of Nebraska . . . shall use the word bank or any derivative thereof as any part of a title or descriptive of any business activity. . .
In interpreting this statute, statutory construction utilized by the Supreme Court should be followed. The Supreme Court has said:
 The general rules governing statutory construction and interpretation provide that `in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous'. . . Furthermore, `it is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language; neither is it within the province of this court to read anything plain, direct, and unambiguous out of a statute.'
Commerce Savings Scottsbluff, Inc. v. F.H. Schafer Elevator Inc.,231 Neb. 288, 300-1, 436 N.W.2d 151 (1989). Additionally, it has been recognized that "it may be conceded that there is ambiguity in the statute, calling for judicial interpretation. Very few statutes are so perfectly framed and so carefully worded as to be free from criticism when analyzed and expounded by able and ingenious counsel. . ." Inglis v. Pontius, 102 Ohio St. 140,131 N.E. 509, 512 (1921).
In this instance, Neb.Rev.Stat. § 8-113 seems clear in it prohibition against the use of the word "bank" but undoubtedly "able and ingenious counsel" can argue that such prohibition should apply only to the name used in business dealings and not to a corporation's legal name if the corporation does not generally publicize it to the public. To know whether this is an appropriate interpretation in part depends upon what the legislature intended by the adoption of this statute. In Inglis v. Pontius, supra, the court considered the prohibition of the use of the words "investment bankers" by a non-bank entity. In considering this statutory prohibition, the court said:
 It will be seen, therefore, that the use of the word `bank' or `banker' is a valuable adjunct to any business, and the protection of the provisions of the Banking Code should therefore be available only to those institutions which are subject to the regulations and restrictions imposed upon such institutions by the Banking Code.
If we are correct in this, then it is no hardship upon any person, firm, or association not strictly classed as a banking institution to be denied the right to use the word "bank", or a kindred term, as part of its name or designation.
Id. at 511. In this same vein, in Nebraska it has been held "The business of banking involves more than the creation of a private debtor and creditor relation, it embraces the establishment of a public instrumentality for the discharge of a public purpose for the promotion of public good." Placek v. Edstrom, 148 Neb. 79, 92,26 N.W.2d 489 (1947). Thus protection of the public good inherent in regulation of the banking industry is part of the legislative purpose in the banking statutes. The more appropriate interpretation of Neb.Rev.Stat. § 8-113 (Reissue 1987) needs to continue to foster the protection of such public good.
A case which offers some guidance in protecting the public good was decided by the Florida Supreme Court. In that instance a Florida statute prohibited the use of the word "savings" in a title or name. A corporation did not have "savings" in its corporate name but did in its "registered fictitious" name, the name under which it did business. The court said:
 Appellant insists that since the word "Savings" appears only in its fictitious name and not in its corporate name, the statute does not apply. However, we have the view that as employed in the Florida statute, the expression "title or name" means the identifying description by which the business becomes known to the public. This could include either the official corporate title or the fictitious name under which the corporation elects to identify itself in the public mind. It could include both names. The purpose of the statute is to protect the public against a false indication of the character of the business by the use of certain words in the title or name employed by the enterprise.
Greater Miami Financial Corporation v. Dickinson, 214 So.2d 874,876 (Florida 1968).
In the present circumstances, because the corporation seeking to become licensed would be registered under its corporate name with the Department of Banking and Finance and its corporate name can otherwise become known to the public, it is possible for both of its names to be associated with its business. Thus, the prohibition contained within § 8-113 could apply to both names is one indication in the Greater Miami Financial Corporation v. Dickinson, supra, case. In an effort to protect the public good inherent in the banking industry, the likely appropriate interpretation of Neb.Rev.Stat. § 8-113 (Reissue 1987) is that applies to the situation raised in your opinion request. However, the precise question you have presented apparently has not been considered by a court. Additionally, the application of the statute to the factual situation that you presented is clearly subject to different interpretations. Consequently, while this opinion is that the prohibition likely applies to the situation you presented, the question is not without some measure of doubt.
Respectfully submitted,
DON STENBERG Attorney General
LeRoy W. Sievers Assistant Attorney General